UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL SPENCER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-967-PPS-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Michael Spencer, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing where a disciplinary hearing officer found him guilty of using or possessing a cell phone in violation of Indiana Department of Correction policy. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time. *Id.*

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Spencer was found guilty of violating IDOC offense A-121 because he possessed a cell phone. Specifically, IDOC offense A-121 prohibits inmates from "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-

OFFENSES_6-1-2015(1).pdf.

Investigator Dustin wrote a Conduct Report charging Spencer as follows:

On 07/19/2017, Lieutenant Keith Wilson located a White LG Smartphone in the Recreation Office under a napkin on a shelf. Lieutenant Wilson confiscated the cell phone and submitted it into evidence. Upon receiving the cell phone on 07/20/2017, the phone was placed in a secured evidence locker pending an attempt to be downloaded by the Cellebrite machine. On 07/27/2017, I was able to begin the download process of the LG Volt that was located in the Recreation Office. Upon reviewing the UFED Physical Analyzer Extraction Summary, I was able to compare names and phone numbers to identify who the owner of the phone was. Under the Unlock Pattern on the report, the name Michael Spencer was observed as the owner of the phone. Text messages to the phone number (Contact name, "Queen bee") 706-335-1442, was identified in the text messages as "Mom." That phone number was run through the Offender Phone System (GTL) and belonged to Percy Spencer, mother of Michael Spencer #210470 A Cell House 318. Photos of Offender Spencer were located in the image summary. On 07/28/2017, Offender Spencer, Michael #210470 was interviewed by Investigator Dustin. Offender Spencer was asked if he would be willing to speak on regards to wear [sic] he purchased the cellular phone, he did not want to provide a statement.

ECF 7-1 at 1.

Dustin also prepared a Report of Investigation of Incident that states:

On 07/19/2017, Lieutenant Keith Wilson located a White LG Smartphone in the Recreation Office under a napkin on a shelf. Lieutenant Wilson confiscated the cell phone and submitted it into evidence. The phone was received by Evidence Technician Willie Parnell and logged into evidence. The cellular phone was then delivered to Investigator Dustin on 07/20/2017.

Upon receiving the cell phone on 07/20/2017, the p[h]one was placed in a secured evidence locker pending an attempt to be downloaded by the Cellebrite machine. On 07/27/2017, I was able to begin the download process of the LG Volt that was located in the Recreation Office.

Model #: Ls740P.
IMEI #: 256 691 490 108 427 094.

S/N: 411CYUK0068594.

Upon reviewing the UFED Physical Analyzer Extraction Summary, I was able to compare names and phone numbers to identify who the owner of the phone was. Under the Unlock Pattern on the report, the name Michael Spencer was observed as the owner of the phone. Text messages to the phone number (Contact name, "Queen bee") 706-335-1442, was identified in the text messages as "Mom." That phone number was run through the Offender Phone System (GTL) and belonged to Percy Spencer, mother of Michael Spencer # 210470 A Cell House 318. Photos of Offender Spencer were located in the image summary.

On 07/28/2017, Offender Spencer, Michael # 210470 was interviewed by Investigator Dustin. Offender Spencer was advised that the phone had been identified to belong to him, based on the evidence found in the phone. Offender Spencer was advised he will be receiving a code of conduct A121 for possession or use of a cellular device. Offender Spencer was asked if he would be willing to speak [i]n regards to wear [sic] he purchased the cellular phone, he did not want to provide a statement.

Case 17-ISP-0165 was found to be Substantiated for Possession of a Cellular Device by an offender.

ECF 7-2 at 1.

Spencer was notified of the charge when he was served with the conduct and screening reports. ECF 7-1 at 1, 7-3 at 1. During screening, he did not request any witnesses; however, he did ask to review the internal affairs investigation file. ECF 7-3 at 1. At the disciplinary hearing, the hearing officer memorialized Spencer's request that "it . . . be noted he asked for physical evidence. This is not my phone." ECF 7-5 at 1. But on the basis of staff reports, photos of Spencer found on the phone, the evidence card, the report of investigation, and the internal affairs investigation file, the hearing officer concluded Spencer was guilty of using and possessing a cell phone. *Id*.

4

In his petition, Spencer argues there are two grounds which entitle him to habeas corpus relief. ECF 1 at 3-4. In one ground, he asserts there was insufficient evidence for the hearing officer to find him guilty of violating offense A-121. *Id*. at 4. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Investigator Dustin memorialized Lieutenant Wilson's discovery of a White LG Volt smart phone under a napkin on a shelf in the prison's recreation office. ECF 7-1 at 1, 7-2 at 1. Wilson confiscated the phone and submitted it into evidence. *Id*. Dustin then utilized software tailored to searching and analyzing the contents of smart phones and discovered that Spencer was the owner of the phone. *Id*. Dustin found a number of text messages on the phone that were sent to the contact name "Queen bee" at 706-335-1442, and that person turned out to be Spencer's mother. ECF 7-1 at 1, 3, 7-2 at 1. Dustin also located a number of photos of Spencer in the phone's image summary. *Id*. This easily satisfies the "some evidence" standard.

Spencer now claims the phone number, 706-335-1442, that Dustin identified as belonging to "Mom", does not match any number on his approved phone list. ECF 1 at 4. This is essentially a request to reweigh the evidence, but that is not the role of the court. *McPherson*, 188 F.3d at 786 (the court is "not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence"). Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. And it plainly does in this case.

In the second ground of his petition, Spencer asserts his due process rights were violated because he was denied the right to present evidence in his defense. ECF 1 at 3. In this regard, he states the hearing officer improperly denied his request to review the internal affairs investigation file because it contained confidential information that could not be released to him. *Id*. Because he was denied access to the file, he claims he was not able to review key pieces of physical evidence including— photos found on the image summary of the phone and the unlock pattern report also located on the phone. *Id*. He further complains he was not given a "copy of a witness statement from Lt. Wilson" nor a "copy of a detailed summary report of the information" contained in the investigation file. *Id*. In sum, he asserts that a detailed summary report would have provided him with some reassurance that the important pieces of evidence—photos, unlock pattern report, and a witness statement—were reliable but he was denied access to these items. ECF 12 at 3-4.

While Spencer had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not necessarily have a right to personally review that evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Spencer did not have a right to review the contents of the investigation file because the release of the file would have given Spencer and other offenders crucial, sensitive information about the investigation as well as insight into the surveillance techniques used to detect and combat unauthorized cell phone usage in the prison. Of particular

concern is the fact that the file contains personal identifying information and phone numbers of several people whose confidentiality should be maintained as safety and security precautions. The court has reviewed the file and finds that prison officials did not err in determining that it posed a security threat to disclose the information contained in the file.

Nor does the internal affairs investigation file contain any exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). While Spencer has a right to present relevant, exculpatory evidence in his defense, the investigation file is made up of incriminating—not exculpatory—evidence. Here, none of the evidence was exculpatory as it linked Spencer to the phone. Furthermore, because the hearing officer, who presided over the hearing, thoroughly reviewed and considered the evidence contained in the file there was no violation of his due process rights. *White*, 266 F.3d at 767. Therefore, Spencer was not prejudiced in any way by the hearing officer's denial of his request to review the investigation file. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

To the extent Spencer seems to argue that the hearing officer violated his due process rights when she failed to follow IDOC policy, that contention fails. ECF 1 at 3, 12 at 3-4. Habeas corpus relief can only be granted for "violation[s] of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). While the hearing officer did not provide Spencer with a "detailed summary report," he did receive a report of investigation summarizing the key evidence from the investigation that linked him to the possession of the cell phone. *See* ECF 7-2 at 1. Therefore, Spencer's claim regarding violations of prison policies cannot be remedied in a habeas corpus petition.

If Spencer wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Michael Spencer's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on February 20, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT